**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2109
_____

COREY LANE,
                                Appellant

v.

THE STATE OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 16-cv-08948)
District Judge:  Honorable John M. Vazquez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 15, 2018
Before:  JORDAN, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed February 16, 2018)
_____

OPINION*
_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Corey Lane appeals from an order of the United States District Court for the District of New Jersey, denying his motion for a preliminary injunction. We will affirm the District Court's judgment.

Lane filed a complaint against the State of New Jersey, concerning matters related to his parental rights. In March 2017, Lane filed a motion for a preliminary injunction, asking the court to "enforce my unsupervised visits and my unsupervised physical custody of [his] 4 children." Dkt. #18. Lane's certificate of service stated that he had filed and served a "Statement that No Brief is Necessary" in connection with the motion, see Dkt. #18-4, but the docket does not reflect any such document. The State replied, arguing that Lane's motion failed because he had failed to file a brief or a statement that no brief was necessary, under L. Civ. R. 7.1(d)(1). The State argued in the alternative that Lane's motion should be denied under the Rooker-Feldman doctrine.[1] A few days later, Lane filed a motion for default judgment; the fourth attachment to that motion (Dkt. #28-4) was a letter apparently intended to be his reply to the State's opposition to his preliminary injunction motion.

In an order entered April 7, 2017, the District Court denied the preliminary injunction motion, stating that Lane had failed "to present any evidence or argument to establish the four elements" required to warrant a preliminary injunction, and that the

---

[1] D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923).

2

statements in his "declaration" were not sufficient to warrant emergent relief. Dkt. #30. The opinion also stated that Lane had not filed a reply brief. Less than a week later, Lane filed a "Motion for New Trial; Altering or Amending a Judgment," citing Rule 59(a)(1)(b), (a)(2), and (b) of the Federal Rules of Civil Procedure.[2] Dkt. #35. A few days later, he filed a motion to amend his Rule 59 motion. Dkt. #37. On May 16, 2017, Lane filed a notice of appeal, seeking to appeal the District Court order denying his motion for a preliminary injunction. A Magistrate Judge purported to deny Lane's Rule 59 motions in letter orders entered August 8 and 9, 2017.[3] After our Clerk entered an order noting that the District Court had not yet decided Lane's Rule 59 motions, the District Court denied the motions on November 21, 2017. Lane did not appeal from that order.

---

[2] Both the Magistrate Judge and the District Court denied his Rule 59 motions because there had not been any trial. But because Lane is proceeding pro se, we liberally construe his motion as seeking relief under Fed. R. Civ. P. 59(e), i.e., seeking to have the District Court alter or amend its order denying his motion for a preliminary injunction. See Lichtenberg v. Besicorp Grp. Inc., 204 F.3d 397, 400 (2d Cir. 2000) ("[A]n interlocutory order granting a preliminary injunction is a judgment within the meaning of the rule 4(a)(4) provision relating to a motion under Rule 59 to alter or amend the judgment.") (internal quotation marks omitted).

[3] See 28 U.S.C. § 636(b)(1)(A) (magistrate judge may not "hear and determine" a "motion for injunctive relief"). Thus, the Magistrate Judge's order here could only be construed as a report and recommendation to the District Court judge, see § 636(b)(1)(B), which the judge could then "accept, reject, or modify, in whole or in part," considering any objections by the parties, see § 636(b)(1). Because the Magistrate Judge's order was merely a recommendation, it was not an appealable decision and did not have the "force of law." Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998).

3

We have jurisdiction to review the District Court's order entered on April 7, 2017, denying Lane's motion for a preliminary injunction. 28 U.S.C. § 1292(a)(1). Lane's notice of appeal was not filed within 30 days of that order, see Fed. R. App. P. 4(a)(1)(A), but his timely Rule 59 motion to alter or amend the judgment tolled the time for him to file a notice of appeal, see Fed. R. App. P. 4(a)(4)(A)(iv).[4] Lane's notice of appeal then became effective to appeal the April 7 order once the District Court denied his Rule 59 motions. See Fed. R. App. P. 4(a)(4)(B)(i).[5] We do not, however, have jurisdiction to consider the District Court's order denying his Rule 59 motions, as Lane did not file a notice of appeal from that order. See Fed. R. App. P. 4(a)(4)(B)(ii).

We "review the denial of a preliminary injunction for an abuse of discretion, an error of law, or a clear mistake in the consideration of proof," applying plenary review to underlying legal determinations and reviewing factual findings for clear error. Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (internal quotations omitted). To obtain a preliminary injunction, the moving party must establish: "(1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater

---

[4] Lane has filed two motions asking us to continue to stay this appeal, because the District Court had not yet ruled on a Motion for Entry of Judgment he filed under Fed. R. Civ. P. 54(b). But the pendency of that motion does not affect the appealability of the order denying his motion for a preliminary injunction. See Fed. R. App. P. 4(a)(4)(A). His motion and amended motion seeking a continued stay are thus DENIED.

[5] Lane's motions dated December 18, 2017, January 16, 2018, and January 18, 2018, and Appellee's motion to lift the stay, are GRANTED to the extent that the appeal is no longer stayed. To the extent those motions seek other relief, they are DENIED.

harm to the nonmoving party; and (4) that the public interest favors such relief." Id. "A party seeking a mandatory preliminary injunction that will alter the status quo bears a particularly heavy burden in demonstrating its necessity." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994). We have stated that "[p]reliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances." Kos Pharm., Inc., 369 F.3d at 708 (internal quotation marks omitted). "[W]e may affirm the district court on grounds different from those relied on by the district court." In re Mushroom Transp. Co., 382 F.3d 325, 344 (3d Cir. 2004).

As noted, the District Court determined that Lane had failed to meet his burden of establishing the four elements for injunctive relief, as he failed to file a brief, and the personal declaration he included with his motion also fell short. We agree. While the District Court did not consider Lane's reply brief,[6] we conclude that even if it had done so, Lane did not meet his heavy burden of showing that the extraordinary relief of a preliminary injunction was warranted.

In his reply brief, Lane tried to refute the State's argument that the Rooker-Feldman doctrine barred his requested injunctive relief. The Rooker-Feldman doctrine deprives federal district courts of jurisdiction over lawsuits that essentially seek appellate review of state-court judgments. See Great W. Mining & Mineral Co., 615 F.3d 159, 165 (3d Cir. 2010). There are four requirements for the Rooker-Feldman doctrine to apply:

---

[6] We consider only Lane's initial reply brief, Dkt. #28-4, as it was the only one filed before the District Court rendered its decision. We note for Lane's information, however, that we can conceive of no possible connection between the provisions of 28 U.S.C. § 2254 and child custody determinations.

"(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Id. at 166 (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)) (alterations in original). As the State argued here, an order attached to Lane's complaint indicated that Lane "lost" on the issue of physical custody of his children; the order also "restrained [Lane] from all unsupervised contact with the minor children." Dkt. #1 at 39. Lane was clearly complaining of the injuries caused by the judgment—he directly challenged the provision that he not be allowed unsupervised visits with his children, and he was explicitly asking the District Court to overturn that portion of the ruling. Lane argued in his reply brief that the Rooker-Feldman doctrine did not bar relief, because the State of New Jersey and its "adjunct law enforcement officers abandoned their judicial role and functions by resulting to an improper motive behind their decision to infringe on the bond between my children and I," see Dkt. #28-4 at 1, but his conclusory statement did not rebut the State's persuasive argument that Rooker-Feldman applied.

For the foregoing reasons, we thus will affirm the District Court's denial of preliminary injunctive relief.